MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LAZARO     CEGUEDA-JUAREZ     (A.K.A.
PEDRO), *individually and on behalf of others
similarly situated,*

                                        *Plaintiff*,

                    -against-

CLEANWEAR USA 2 INC.  (D/B/A ALPINE
CLEANERS),  RAIN  DROP  INC.   (D/B/A
ALPINE CLEANERS), ALPINE CLEANERS
70,  INC.   (D/B/A  ALPINE  CLEANERS),
KWAN JOONG KWON, MAN SOO KIM, and
KAP KIM,

                                        *Defendants.*

-------------------------------------------------------X

|  |
|---|
| **COMPLAINT** |
| **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| **ECF Case** |

Plaintiff Lazaro Cegueda-Juarez (a.k.a. Pedro) ("Plaintiff Cegueda-Juarez" or "Mr. Cegueda-Juarez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Cleanwear USA 2 Inc. (d/b/a Alpine Cleaners), Rain Drop Inc. (d/b/a Alpine Cleaners), Alpine Cleaners 70, Inc. (d/b/a Alpine Cleaners), ("Defendant Corporations"), Kwan Joong Kwon,  Man Soo Kim, and  Kap Kim, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Cegueda-Juarez is a former employee of Defendants Cleanwear USA 2 Inc. (d/b/a Alpine Cleaners), Rain Drop Inc. (d/b/a Alpine Cleaners), Alpine Cleaners 70, Inc. (d/b/a Alpine Cleaners), Kwan Joong Kwon, Man Soo Kim, and Kap Kim.

2.      Defendants own, operate, or control a laundry, located at 178 E. 70th street, New York, New York 10021 under the name "Alpine Cleaners."

3.      Upon information and belief, individual Defendants Kwan Joong Kwon, Man Soo Kim, and Kap Kim, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Cegueda-Juarez was an employee of Defendants.

5.      Plaintiff Cegueda-Juarez was employed as a delivery worker, a cleaner and an ironer at the laundry service located at 178 E. 70th street, New York, New York 10021.

6.      Plaintiff Cegueda-Juarez was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning the store hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Cegueda-Juarez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Cegueda-Juarez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants employed and accounted for Plaintiff Cegueda-Juarez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Cegueda-Juarez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Cegueda-Juarez's actual duties in payroll records by designating them as a delivery worker instead of a non-tipped employees. This allowed Defendants to avoid paying Plaintiff Cegueda-Juarez at the minimum wage rate and enabled them to pay them above the tip-credit rate, but below the minimum wage.

12.     Defendants' conduct extended beyond Plaintiff Cegueda-Juarez to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cegueda-Juarez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Cegueda-Juarez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff Cegueda-Juarez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cegueda-Juarez's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundry located in this district. Further, Plaintiff Cegueda-Juarez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.     Plaintiff Lazaro Cegueda-Juarez (a.k.a. Pedro) ("Plaintiff Cegueda-Juarez" or "Mr. Cegueda-Juarez") is an adult individual residing in Queens County, New York. Plaintiff Cegueda-Juarez was employed by Defendants at Alpine Cleaners from approximately summer 2009 until on or about February 17, 2018.

19.     Plaintiff Cegueda-Juarez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled a laundry, located at 178 E. 70th street, New York, New York 10021 under the name "Alpine Cleaners."

21.     Upon information and belief, Cleanwear USA 2 Inc. (d/b/a Alpine Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 178 E. 70th street, New York, New York 10021.

22.     Upon information and belief, Rain Drop Inc. (d/b/a Alpine Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 178 E. 70th street, New York, New York 10021.

23.     Upon information and belief, Alpine Cleaners 70, Inc. (d/b/a Alpine Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 178 E. 70th street, New York, New York 10021.

24.     Defendant Kwan Joong Kwon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kwan Joong Kwon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kwan Joong Kwon possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cegueda-Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Man Soo Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Man Soo Kim is sued individually

in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Man Soo Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cegueda-Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Kap Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kap Kim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kap Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cegueda-Juarez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

27.    Defendants operate a laundry located in the Upper East Side section of Manhattan in New York City.

28.    Individual Defendants, Kwan Joong Kwon, Man Soo Kim, and Kap Kim, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

29.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiff Cegueda-Juarez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cegueda-Juarez, and all similarly situated individuals, referred to herein.

31.    Defendants jointly employed Plaintiff Cegueda-Juarez (and all similarly situated employees) and are Plaintiff Cegueda-Juarez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.    In the alternative, Defendants constitute a single employer of Plaintiff Cegueda-Juarez and/or similarly situated individuals.

33.    Upon information and belief, Individual Defendants Kwan Joong Kwon, Man Soo Kim, and Kap Kim operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)    defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)    transferring assets and debts freely as between all Defendants,

d)    operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)    operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)   intermingling assets and debts of their own with Defendant Corporations,

g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiff Cegueda-Juarez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cegueda-Juarez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cegueda-Juarez's services.

35.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.    Plaintiff Cegueda-Juarez is a former employee of Defendants who was employed as a delivery worker, a cleaner and an ironer. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.    Plaintiff Cegueda-Juarez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Lazaro Cegueda-Juarez (a.k.a. Pedro)*

39.    Plaintiff Cegueda-Juarez was employed by Defendants from approximately summer 2009 until on or about February 17, 2018.

40.    Defendants ostensibly employed Plaintiff Cegueda-Juarez as a delivery worker, a cleaner and an ironer.

41.    However, Plaintiff Cegueda-Juarez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.    Although Plaintiff Cegueda-Juarez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.    Plaintiff Cegueda-Juarez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

44.    Plaintiff Cegueda-Juarez's work duties required neither discretion nor independent judgment.

45.    Throughout his employment with Defendants, Plaintiff Cegueda-Juarez regularly worked in excess of 40 hours per week.

46.    From approximately February 2012 until on or about October 2017, Plaintiff Cegueda-Juarez worked as a delivery worker, a cleaner and an ironer from approximately 7:00 a.m. until on or about 7:00 p.m., 6 days a week (typically 72 hours per week).

47.    From approximately November 2017 until on or about February 17, 2018, Plaintiff Cegueda-Juarez worked as a delivery worker, a cleaner and an ironer from approximately 8:00 a.m. until on or about 7:00 p.m., 5 days a week and from approximately 9:00 a.m. until on or about 4:00 p.m., Saturdays (typically 62 hours per week).

48.    Throughout his employment, Defendants paid Plaintiff Cegueda-Juarez his wages in a combination of check and cash ($280 by check and $300 in cash).

49.    From approximately February 2012 until on or about February 17, 2018, Defendants paid Plaintiff Cegueda-Juarez a fixed salary of $580 per week.

50.    Plaintiff Cegueda-Juarez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.    For example, Defendants required Plaintiff Cegueda-Juarez to work an additional one hour past his scheduled departure time every other day, and did not pay him for the additional time he worked.

52.    Plaintiff Cegueda-Juarez was never notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cegueda-Juarez's wages.

54.    Plaintiff Cegueda-Juarez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cegueda-Juarez regarding overtime and wages under the FLSA and NYLL.

56.    Defendants did not provide Plaintiff Cegueda-Juarez an accurate statement of wages, as required by NYLL 195(3).

57.    Defendants did not give any notice to Plaintiff Cegueda-Juarez, in English and in Spanish (Plaintiff Cegueda-Juarez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cegueda-Juarez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

59.     Plaintiff Cegueda-Juarez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

60.     Defendants' pay practices resulted in Plaintiff Cegueda-Juarez not receiving payment for all his hours worked, and resulting in Plaintiff Cegueda-Juarez's effective rate of pay falling below the required minimum wage rate.

61.     Defendants habitually required Plaintiff Cegueda-Juarez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62.     Defendants required Plaintiff Cegueda to perform general non-tipped tasks in addition to his primary duties as a delivery worker.  Plaintiff Cegueda-Juarez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

63.      Plaintiff Cegueda-Juarez and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

64.      However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Cegueda-Juarez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

65.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

66.     Plaintiff Cegueda-Juarez's duties were not incidental to his occupation as a tipped workers, but instead constituted entirely unrelated general laundry service work with duties, including the non-tipped duties described above.

67.     In violation of federal and state law as codified above, Defendants classified Plaintiff Cegueda-Juarez and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

68.     Defendants failed to inform Plaintiff Cegueda-Juarez who received tips that Defendants intended to take a deduction against Plaintiff Cegueda-Juarez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

69.     Defendants failed to inform Plaintiff Cegueda-Juarez who received tips, that his tips were being credited towards the payment of the minimum wage.

70.     Defendants failed to maintain a record of tips earned by Plaintiff Cegueda-Juarez who worked as a delivery worker, a cleaner and an ironer for the tips he received.

71.     Plaintiff Cegueda-Juarez was paid his wages in a combination of check and cash.

72.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73.     Defendants paid Plaintiff Cegueda-Juarez his weekly wages in a combination of check and cash.

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cegueda-Juarez (and similarly situated individuals) worked, and to avoid paying Plaintiff Cegueda-Juarez properly for his full hours worked.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cegueda-Juarez and other similarly situated former workers.

78.     Defendants failed to provide Plaintiff  Cegueda-Juarez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiff Cegueda-Juarez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.    Plaintiff Cegueda-Juarez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81.    At all relevant times, Plaintiff Cegueda-Juarez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

82.    The claims of Plaintiff Cegueda-Juarez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83.    Plaintiff Cegueda-Juarez repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Cegueda-Juarez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cegueda-Juarez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     Defendants failed to pay Plaintiff Cegueda-Juarez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.     Defendants' failure to pay Plaintiff Cegueda-Juarez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     Defendants' failure to pay Plaintiff Cegueda-Juarez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Cegueda-Juarez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

91.     Plaintiff Cegueda-Juarez repeats and realleges all paragraphs above as though fully set forth herein.

92.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cegueda-Juarez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.    Defendants' failure to pay Plaintiff Cegueda-Juarez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.    Plaintiff Cegueda-Juarez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.    Plaintiff Cegueda-Juarez repeats and realleges all paragraphs above as though fully set forth herein.

96.    At all times relevant to this action, Defendants were Plaintiff Cegueda-Juarez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cegueda-Juarez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

97.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cegueda-Juarez less than the minimum wage.

98.    Defendants' failure to pay Plaintiff Cegueda-Juarez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.    Plaintiff Cegueda-Juarez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

100.    Plaintiff Cegueda-Juarez repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cegueda-Juarez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiff Cegueda-Juarez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Cegueda-Juarez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

104.    Plaintiff Cegueda-Juarez repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to provide Plaintiff Cegueda-Juarez with a written notice, in English and in Spanish (Plaintiff Cegueda-Juarez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

106.    Defendants are liable to Plaintiff Cegueda-Juarez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

107.    Plaintiff Cegueda-Juarez repeats and realleges all paragraphs above as though fully set forth herein.

108.    With each payment of wages, Defendants failed to provide Plaintiff Cegueda-Juarez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109.    Defendants are liable to Plaintiff Cegueda-Juarez in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cegueda-Juarez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cegueda-Juarez and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cegueda-Juarez and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cegueda-Juarez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cegueda-Juarez and the FLSA Class members;

(f)      Awarding Plaintiff Cegueda-Juarez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Cegueda-Juarez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cegueda-Juarez;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cegueda-Juarez;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cegueda-Juarez's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Awarding Plaintiff Cegueda-Juarez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages,

(l)      Awarding Plaintiff Cegueda-Juarez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiff Cegueda-Juarez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiff Cegueda-Juarez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Cegueda-Juarez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cegueda-Juarez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 21, 2018

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:     /s/ Michael Faillace
                                Michael Faillace [MF-8436]
                                60 East 42nd Street, Suite 4510
                                New York, New York 10165
                                Telephone: (212) 317-1200
                                Facsimile: (212) 317-1620
                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

February 19, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Lazaro Cegueda-Juarez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Lazaro Cegueda*

Date / Fecha:                     19 de febrero 2018

*Certified as a minority-owned business in the State of New York*