```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
 3  LAZARO CEGUEDA-JUAREZ,
 4              Plaintiff,
 5         v.                              18 CV 1604 (PAC)
 6  CLEANWEAR USA 2, INC., et al.,
 7              Defendants.
 8  ------------------------------x
                                           New York, N.Y.
 9                                         June 6, 2018
                                           11:30 a.m.
10
    Before:
11
                     HON. PAUL A. CROTTY,
12
                                           District Judge
13
                          APPEARANCES
14
    MICHAEL FAILLACE & ASSOCIATES, P.C.
15       Attorneys for Plaintiff
    BY:  SARA JACQUELINE ISAACSON
16
    LITTLER MENDELSON, P.C.
17       Attorneys for Defendants
    BY:  SHAWN MATTHEW CLARK
18
    ALSO PRESENT:  Kunal Kanodia, Intern
19
20
21
22
23
24
25
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

1           (Case called)
2           THE DEPUTY CLERK:  Counsel for the plaintiff, please
3    state your appearance.
4           MS. ISAACSON:  Good afternoon, your Honor.  Sara
5    Isaacson from Michael Faillace & Associates for the plaintiff.
6           THE COURT:  Good morning, Ms. Isaacson.
7           THE DEPUTY CLERK:  For the defendant.
8           MR. CLARK:  Good morning, your Honor.  Shawn Clark of
9    Littler Mendelson for the appearing defendants.  I have with me
10   Kunal Kanodia who is a summer associate in our office.
11          THE COURT:  You're most welcome.
12          Ms. Isaacson, do you want to tell me about the
13   lawsuit.
14          MS. ISAACSON:  Yes, your Honor.  My client was
15   employed by the defendants.  They owned a Laundromat.  And he
16   worked there from about the summer of 2009 till February of
17   2018, and he working between 62 to 72 hours per week.
18          He was paid a fixed weekly salary throughout his
19   employment in a combination of check and cash.  So we brought
20   the lawsuit alleging violations of minimum wage, overtime, and
21   wage notice and wage statement violations.
22          THE COURT:  What about the defense that the business
23   does less than $500,000 a year?  It does $300,000 a year
24   according to the defendant.
25          MS. ISAACSON:  We would ask the defendants to send us

1   some documents that would support that allegation.  It's our

2   contention that they did make over $500,000 based on our

3   client's testimony of the number of -- I guess I'll call them

4   sales -- that the business did.

5           THE COURT:  Have you visited the premises,

6   Ms. Isaacson?

7           MS. ISAACSON:  I have not, your Honor.

8           THE COURT:  You also styled this as a collective

9   action, but there are only two employees.

10          MS. ISAACSON:  We don't intend to move for a

11  collective action, your Honor.

12          THE COURT:  Further, this is a drop-off place?  It

13  doesn't provide on-premises services?  You just drop your

14  laundry there, and it's farmed out?

15          MS. ISAACSON:  It's my understanding that the

16  defendants did do some cleaning and ironing work.

17          THE COURT:  Maybe delivery work as well?

18          MS. ISAACSON:  Yes.  He was primarily a delivery

19  worker, but it's my understanding that he also did some

20  cleaning and ironing.

21          THE COURT:  Mr. Clark?

22          MR. CLARK:  Your Honor, you are correct that this dry

23  cleaner is simply a drop-off place.  It's a very small

24  location, maybe about 300 square feet.  All that's kept there

25  are the clothes dropped off from the cleaning vendor.

1              There are two employees.  Plaintiff was a delivery

2  person who takes the dropped-off laundry and delivers it door

3  to door to the clients.  The plaintiff worked about 62 to 64

4  hours a week.

5              THE COURT:  Was he tipped?

6              MR. CLARK:  He was a tipped employee, and he was paid

7  overtime.  So the employer did take a tip credit from his

8  hourly wage, but it's our contention that that tip credit was

9  appropriate and that he was paid the accurate amount.

10             THE COURT:  What about the dollar value for the

11 business?

12             MR. CLARK:  The highest year, if I remember correctly,

13 was just under $300,000.  The lowest year was under $100,000.

14 The business has never done more than $300,000 in annual gross

15 sales.  We don't have a federal claim here.

16             THE COURT:  I take it Ms. Isaacson wants proof of

17 that.

18             Can you give her proof of that?

19             MR. CLARK:  We're happy to provide proof of that.  I

20 think we have tax returns that we're happy to turn over

21 pursuant to some confidentiality exceptions.

22             THE COURT:  What do you say to that, Ms. Isaacson?

23             MS. ISAACSON:  That's fine, your Honor.

24             THE COURT:  Have you prepared a civil case management

25 plan?

1            MS. ISAACSON:  Yes, your Honor.  I believe we filed it
2    on Monday.
3            THE COURT:  Mr. Clark, how soon can you produce your
4    information about the revenue?
5            MR. CLARK:  This week, your Honor.
6            THE COURT:  I'm going to sign the civil case
7    management plan.  I think, Mr. Clark, you should produce the
8    information as quickly as you can and see if you can't resolve
9    the matter.  I'll have a conference on this case at the end of
10   July, the week of the 23rd.
11           THE DEPUTY CLERK:  Conference set for Wednesday,
12   July 25, at 11:15 a.m.
13           THE COURT:  See what kind of progress you've been able
14   to make with regard to the dollar value done at the defendant's
15   business location.
16           If it's less than $500,000, Ms. Isaacson, we can agree
17   that there is no federal jurisdiction.  Is that correct?
18           MS. ISAACSON:  We have to evaluate the documents.
19           THE COURT:  Of course.  If you come to that
20   conclusion, there is no federal jurisdiction.
21           MS. ISAACSON:  Right.  Yes, your Honor.
22           THE COURT:  I'll see you in July.
23           Is there anything else to do?
24           MS. ISAACSON:  Not from plaintiff, your Honor.  Thank
25   you.

1           MR. CLARK:  Not from defendant.

2           THE COURT:  Thank you, Mr. Clark.

3           (Adjourned)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25