# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

September 20, 2019

**VIA ECF**

Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                         **Re:**     *Cegueda-Juarez v. Cleanwear USA 2, Inc. et al.*
                                    Index No. 18-cv-1604-PAC

Dear Judge Crotty:

       This office represents Plaintiff Lazaro Cegueda-Juarez ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and CLEANWEAR USA 2 INC d/b/a ALPINE CLEANERS, RAIN DROP INC., ALPINE CLEANERS 70, INC. ("Defendant Corporations"), and KWAN JOONG KWON, ("Individual Defendant"), (collectively, "Defendants"), and together with Plaintiffs, the "Settling Parties"). [1]

       The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a mediation session. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       The Settling Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

       Plaintiff worked at a 300 square foot drop-off laundry and dry cleaning store called Alpine Cleaners, controlled by Defendants. Plaintiff was employed by Defendants as a delivery worker, cleaner, and an ironer from approximately summer 2009 until on or about February 17, 2018. From approximately February 2012 until on or about October 2017, Plaintiff typically worked 72 hours per week. From approximately November 2017 until on or about February 17, 2018, Plaintiff typically worked 62 hours per week. Throughout his employment, Defendants paid Plaintiff his wages in combination of check and cash. From approximately February 2012 until on or about February 17, 2018, Defendants paid Plaintiff a fixed salary of $580 per week ($280 by check and $300 in cash).

---

[1] Kwan Joong Kwon is currently incapacitated; individuals Hanna Kim and Peter Che are added as parties to the agreement in both their individual capacity and on behalf of Defendant Corporations.

Hon. Paul A. Crotty
September 20, 2019Page 2 of 5

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies.

Nevertheless, the parties agreed on the settlement amount of $45,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $45,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff alleges he is entitled to back wages of approximately $213,672.00. Plaintiff estimates that had he recovered in full for their claims, he would be entitled to approximately $535,445.47, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $45,000. Plaintiff acknowledges that Defendants maintained detailed records in this case that present significant issues of fact. During the course of settlement discussions and mediation, Defendants have produced records maintained throughout Plaintiff's employment, including timecards, and wage statements. Defendants asserted that their time and pay records established that Plaintiff, who was 1 of 2 employees employed by the Defendant Corporations, was properly paid all minimum wage and overtime allegedly owed to him. Defendants also assert that their time records refute the number of overtime hours Plaintiff claims to have worked within the statutory period. In addition to Defendants' time and pay records, Plaintiff's minimum wage and overtime claims brought pursuant to the Fair Labor Standards Act ("FLSA") were potentially subject to dismissal because Plaintiff could not establish that any of the corporate defendants were a covered enterprise under the FLSA since each had an annual gross volume of sales (substantially) below the $500,000 threshold. Lastly, Defendants asserted that they did not have the financial ability to withstand a greater settlement. In an effort to resolve their differences and reach an amicable resolution, the Settling Parties attended a mediation session with a court-appointed mediator through the Court's Southern District of New York's Mediation Program on February 13, 2019 and continued settlement negotiations in the months thereafter until a final compromise was reached.

The full sum of the settlement amount will be paid as described in the accompanying Settlement Agreement.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Forty-Five Thousand Dollars ($45,000) that Plaintiff will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. It also accounts for the risks of trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $15,000.00, one third of the settlement amount and approximately three times their lodestar amount.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

> Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Hon. Paul A. Crotty
September 20, 2019Page 4 of 5

    Sara Isaacson was an associate at Michael Faillace & Associates, P.C. from May 2017 through February 2019. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. During her employment at Michael Faillace & Associates, P.C., she was responsible for all aspects of the firm's employment docket in federal court.

    Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

    The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

    Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

    In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

    Thank you for your consideration in this matter.

    Respectfully Submitted,

    /s/ Michael Faillace
    Michael Faillace, Esq.
    Michael Faillace & Associates, P.C.
    *Attorneys for Plaintiff*

cc:    William Ng, Esq. (via ECF)
        *Attorney for Defendants*