## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between LAZARO CEGUEDA-JUAREZ (A.K.A PEDRO), on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff" or "Juarez"), on the one hand, and CLEANWEAR USA 2 INC d/b/a ALPINE CLEANERS, RAIN DROP INC., ALPINE CLEANERS 70, INC. (corporate defendants hereinafter referred to as, the "Companies"), and KWAN JOONG KWON (corporate and individual defendants hereinafter collectively referred to with the Companies as, the "Defendants"), on the other hand.

**WHEREAS**, on or about February 21, 2018, Plaintiff commenced an action against the Defendants in the United States District Court for the Southern District of New York, where it was assigned Civil Action Case Number 18-CV-01604, alleging, among other things, that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime compensation and minimum wage (the "Complaint" or the "Action");

**WHEREAS**, although the Complaint was styled as a collective action, no certification of a collective action was sought or obtained as to any claims asserted in the Complaint;

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS**, Defendants and the Plaintiff (collectively referred to as the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.     **Consideration**: In full settlement and final satisfaction of any and all claims that Plaintiff had, has or may have against the Defendants, including but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the releases set forth in Paragraph 4, the Defendants shall pay Plaintiff the total sum of FORTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($45,000.00)(hereinafter, the "Settlement Amount"). Plaintiff will receive 2/3 of the settlement amount of $45,000 minus $739 in costs incurred in the litigation of this action.

     (a)     **Settlement Payments**.

        (i)     Pursuant to the payment schedule set forth in **Exhibit A**, Defendants will issue checks made payable to "Lazaro Cegueda-Juarez" in the amount of Seven Thousand Three Hundred Seventy Six Dollars and Eighty Cents ($7,376.80), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime and other wages under the NYLL and FLSA. Defendants shall issue Lazaro Cegueda-Juarez an IRS Form W-2 with respect to this payment.

(ii)    Pursuant to the payment schedule set forth in **Exhibit A**, Defendants will issue checks made payable to "Lazaro Cegueda-Juarez" in the amount of Twenty Two Thousand One Hundred Thirty Dollars and Fifty-Three Cents ($22,130.53) for which Defendants will issue Lazaro Cegueda-Juarez an IRS Form 1099-MISC, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA.

(iii)    Pursuant to the payment schedule set forth below in **Exhibit A**, the Defendants will issue checks to "Michael Faillace & Associates, P.C." in the amount of Fifteen Thousand Four Hundred Ninety Two Dollars and Sixty-Seven Cents ($15,492.67), for which the Defendants will issue an IRS Form 1099-MISC to Michael Faillace & Associates, P.C. representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Michael Faillace & Associates, P.C. and/or any other law firm or attorney.

(c)    <u>Execution of Agreement and Stipulation and Order of Dismissal</u>:

Pursuant to Paragraph 7 below, upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order of Dismissal with Prejudice," in the form annexed hereto as **Exhibit B**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. All payments set forth above shall be delivered to Plaintiff's counsel, Michael Faillace & Associates, P.C., 60 E. 42nd St, Suite 4510, New York, NY 10165.

(d)    <u>Delivery of Settlement Payments to Plaintiff and His Counsel</u>:

As set forth in **Exhibit A**, the first payment will be delivered within thirty (30) days of judicial dismissal of the Action with prejudice (pursuant to Paragraph 7 of this Agreement), or after Defendants receive executed W-9 Forms from Michael Faillace & Associates, P.C., and completed W-4 and W-9 Forms from Lazaro Cegueda-Juarez, whichever comes later. On or before the date that is thirty (30) days following this initial payment, Defendants shall continue making installment payments as set forth in Chart A on a monthly basis for nineteen (19) consecutive months (for a total of twenty (20) payments).

2.    **Full Payment**: Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to his relationship with Defendants, including any claims for wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3.    <u>Affidavit of Confession of Judgment</u>:

(a)    <u>Defendants</u>: As security for the payments set forth in Paragraph 1, Cleanwear USA 2 Inc. d/b/a Alpine Cleaners and Hanna R. Kim shall, simultaneously with the execution of this Agreement, execute an Affidavit of Confession of Judgment in the forms attached hereto as **Exhibit C**. The Affidavits of Confession of Judgment will be held in escrow by Plaintiff's counsel.

(b) **Default; Notice to Cure**: In the event Defendants' monthly installment payment, as required under Paragraph 1 of this Agreement, is not received within fourteen (14) days of the due date, Plaintiff's Counsel shall provide written notice to Defendants' Counsel, William H. Ng, Esq. by email at wng@littler.com or regular mail at 290 Broadhollow Rd., Ste. 305, Melville, NY 11747, regarding any missed monthly installment payment. Defendants shall have fourteen (14) days from receipt of such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed or mailed to Defendants' Counsel.

(c) **Failure to Cure After Written Notice**: If Defendants do not remedy their default within fourteen (14) days of their receipt of such written notice, Plaintiff's Counsel may file the Affidavits of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Cleanwear USA 2 Inc. d/b/a Alpine Cleaners and Hanna R. Kim, jointly and severally, declaring Forty Five Thousand Dollars and No Cents ($45,000.00), less any payments already made by Defendants pursuant to this Agreement.

4. **Release of Claims:** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually, and on behalf of himself and his spouse, fiancé, domestic partner, children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waives, discharges and releases the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners (including, but not limited to Hanna R. Kim, Peter Che and Kwan Joong Kwon), representatives, agents and attorneys, in their individual and representative capacities, and their immediate family, heirs, beneficiaries, assigns, and present and/or fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the Fair Labor Standards Act, the New York State Labor Law and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages or compensation (including any claims for breach of contract seeking lost or unpaid wages), including reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued, until the date Plaintiff signs this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, statutory claims, travel time, spread of hours pay, bonuses, expenses, and reimbursements, during Plaintiff's employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. Plaintiff agrees that he hereby waives any right that he may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by him individually or not.

For the avoidance of doubt, this release does not include a release of: (i) any rights Plaintiff may have under the terms of this Agreement; (ii) any rights which cannot be released by private agreement, or (iii) any claims that may arise after the date Plaintiff signs this Agreement.

5.      **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

6.      **Claims Excluded from the Agreement**:   Plaintiff's release of claims set forth in Paragraph 4 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law, provided, however, that Plaintiff further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit filed by him or on his behalf in any way relating to any Released Claims.

7.      **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

The parties intend for the Plaintiff to waive any and all claims related to his wages or compensation he may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit B**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

8.      **Taxes and Withholding**: Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the W-9 payments referenced in Paragraph 1. Plaintiff acknowledges that he has been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and has not relied upon any representation of Defendants on that subject. Plaintiff understands and agrees that he shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social

Security or Medicare tax. Plaintiff hereby agrees to indemnify and hold harmless the Defendants against any tax, interest, or penalties, or any fees, costs, attorneys' fees, or damages, arising from any demand, order, or claim by any taxing authority to pay any tax, interest, or penalty on or with respect to the payments referenced in Paragraph 1 or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax.

9.　　**No Admission of Liability**:　Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10.　　**Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of her FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 1, is a fair and reasonable resolution to this *bona fide* dispute.

11.　　**Mutual Non-Disparagement**: Plaintiff agrees that he will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releasees (as defined in Paragraph "4" above), whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, his employers, the press or other media). The language of this Paragraph 11 shall not prohibit Plaintiff from making truthful statements about his experiences litigating this case.

Hanna R. Kim and Peter Che agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Plaintiff or any member of Plaintiff's family, whether by electronic, written or oral means, to any of Plaintiff's employers, potential employers, or to any other person (including, but not limited to, the press or other media). The language of this Paragraph 11 shall not prohibit Defendants from making truthful statements about their experiences litigating this case.

12.　　**No Reemployment**: Plaintiff agrees that he will not at any time in the future knowingly seek employment with the Companies, or their affiliated businesses or entities. By this Agreement, Plaintiff intends to remove himself from consideration for future employment with the Companies, and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment they may obtain notwithstanding this Paragraph. Plaintiff acknowledges and agrees that he has no right to any reinstatement or re-employment by the Companies, or their affiliated businesses or entities at any time.

13.　　**Employment Reference**:　In the event that Defendants receive a written request for a reference, Peter Che, on behalf of Defendants will respond that it is the Defendants' policy to provide only Plaintiff's title and dates of employment and not with any other additional

information. For the avoidance of doubt, Defendants' sole obligation to Plaintiff under the terms of this Agreement is to provide the information in the preceding sentence and only if Defendants receive a written request directed to Peter Che. Defendants will advise any inquiring employer that any such reference requests be made in writing to Peter Che.

14. **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the party (or authorized representative of such party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

15. **No Other Complaints or Charges:** Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with the Company.

16. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

17. **Governing Law:** This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

18. **Jurisdiction:** The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

19. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

20. **Voluntary Agreement:** Plaintiff represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

6

21.     **Full and Complete Agreement**:    This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

22.     **Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

23.     **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

24.     **Counterparts**: This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document.  An original or copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement. This Agreement may be delivered by facsimile or electronic mail (pdf), which shall be as effective as an original document.

25.     **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

26.     **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:

> William H. Ng, Esq.
> Littler Mendelson, P.C.
> 290 Broadhollow Road, Suite 305
> Melville, NY 11747
> (631) 247-4700
> WNg@littler.com

Plaintiff's Counsel:

> Michael Faillace, Esq.
> Michael Faillace & Associates, P.C.
> 60 E. 42nd St., Ste. 4510
> NY, NY 10165
> (212)317-1200
> phershan@faillacelaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph.  If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

27. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

IN WITNESS WHEREOF, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFF**

**LAZARO CEGUEDA-JUAREZ**

By: _____

Dated: _____

**DEFENDANTS**

**CLEANWEAR USA 2 INC. d/b/a ALPINE CLEANERS**

_____
By: _____

Dated: _____

**RAIN DROP INC.**

By: _Hanna Kim Xannalkin_

Dated: _Aug. 7ᵗʰ. 2019_

8

27. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF,** and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFF**

**LAZARO CEGUEDA-JUAREZ**

By: _Lazaro Cegueda-J_

Dated: _8/20/19_

**DEFENDANTS**

**CLEANWEAR USA 2 INC. d/b/a ALPINE CLEANERS**

By: _____

Dated: _____

**RAIN DROP INC.**

By: _____

Dated: _____

27.    **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF,** and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFF**

**LAZARO CEGUEDA-JUAREZ**

By: _____

Dated:_____

**DEFENDANTS**

**CLEANWEAR USA 2 INC. d/b/a ALPINE CLEANERS**

By: ___*Peter Cho*_____

Dated: __8/28/19_____

**RAIN DROP INC.**

By: _____

Dated: _____

# EXHIBIT A

# Settlement Payment Schedule

**CEGUEDA-JUAREZ vs. CLEANWEAR USA 2 INC, ET AL.**
SDNY Civil Case Docket No. 18-cv-1604

| Payment No. | Plaintiff on W-2 | Plaintiff on 1099 | Attorney's Fees |
|---|---|---|---|
| 1 | $368.84 | $1,106.53 | $774.63 |
| 2 | $368.84 | $1,106.53 | $774.63 |
| 3 | $368.84 | $1,106.53 | $774.63 |
| 4 | $368.84 | $1,106.53 | $774.63 |
| 5 | $368.84 | $1,106.53 | $774.63 |
| 6 | $368.84 | $1,106.53 | $774.63 |
| 7 | $368.84 | $1,106.53 | $774.63 |
| 8 | $368.84 | $1,106.53 | $774.63 |
| 9 | $368.84 | $1,106.53 | $774.63 |
| 10 | $368.84 | $1,106.53 | $774.63 |
| 11 | $368.84 | $1,106.53 | $774.63 |
| 12 | $368.84 | $1,106.53 | $774.63 |
| 13 | $368.84 | $1,106.53 | $774.63 |
| 14 | $368.84 | $1,106.52 | $774.64 |
| 15 | $368.84 | $1,106.52 | $774.64 |
| 16 | $368.84 | $1,106.52 | $774.64 |
| 17 | $368.84 | $1,106.52 | $774.64 |
| 18 | $368.84 | $1,106.52 | $774.64 |
| 19 | $368.84 | $1,106.52 | $774.64 |
| 20 | $368.84 | $1,106.52 | $774.64 |
| **TOTAL** | **$7,376.80** | **$22,130.53** | **$15,492.67** |