UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LAZARO CEGUEDA-JUAREZ,

                *Plaintiff,*

-*against*-

CLEANWEAR USA 2, INC. (D/B/A
ALPINE CLEANERS), ALPINE
CLEANERS 70, INC. (D/B/A ALPINE
CLEANERS), KWAN JOONG KWON,
MAN SOO KIM, and KAP KIM,

                *Defendants.*

------------------------------------------------------------X

18 Civ. 1604 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff, a former employee of Defendant Cleanwear USA, brings this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff worked for Defendants as a delivery worker, cleaner, and an ironer for approximately nine years without receiving the appropriate wage and overtime compensation. The parties have now resolved their dispute, and seek approval of their settlement agreement and letter, filed on September 20, 2019, Dkt. 50.

"Courts typically rely on the adversarial process to strike a balance between competing interests." *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 429 (S.D.N.Y. 2014). But in the FLSA context, proposed (and effectively unopposed) settlements have permitted plaintiffs' attorneys to write much of the law on what constitutes a reasonable attorney's fee. The settling defendants have little concern for how settlement monies, including attorney's fees are distributed. The attorney's fees, paid by the plaintiff, at times "provide lawyers with more than a fair day's pay for a fair day's work." *Id.* And courts are left to independently assess the

1

reasonableness of proposed attorney's fees and safeguard the interests of plaintiffs in a context where the amount of attorney's fees directly impacts plaintiffs' individual recovery.

The Court declines to approve the settlement agreement in its present form. The Court does not find the proposed attorney's fees reasonable. The Court notes that the agreement does not include any objectionable confidentiality provisions.

## DISCUSSION

### I. Legal Standards Governing Proposed FLSA Settlements

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). A district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable" before the court enters a judgment approving an FLSA settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In doing so, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal citations and quotation marks omitted).

### II. Analysis

#### A. Settlement Sum

The settlement agreement (Dkt. 50-1 (the "Agreement" or "SA")) provides for a payment from Defendants to Plaintiff and Plaintiff's counsel of $45,000 – $30,000 to Plaintiff and $15,000 to Plaintiff's counsel. (SA ¶ 1.) Since the Court is "generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement, there is a 'strong presumption in favor of finding a settlement fair.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $535,445.47, including damages and interest. (Dkt. 50.) The proposed settlement sum is approximately 8.4% of Plaintiff's maximum possible recovery. The proposed settlement considers the significant issues of fact in this case as Defendants kept detailed records and assert their time records refute the number of overtime hours Plaintiff claims to have worked. The amount is also reflective of the Defendant's defense that it is not a covered employer under the FLSA because its volume of sales was below the $500,000 threshold. *See Geskina v. Admore Air Conditioning Corp.*, No. 16 CIV. 3096 (HBP), 2017 WL 1743842, at *2 (S.D.N.Y. May 3, 2017) (considering risks of litigation and trial in approving settlement under *Cheeks*).

The parties attended mediation sessions with a court-appointed mediator in efforts to reach a settlement and continued negotiations afterwards. (*See* Dkt. 50.) The proposed settlement was negotiated at arm's-length between competent attorneys with some experience in the practice area of wage-and-hour litigation, lessening concerns of fraud or collusion between the parties. *See Santos v. Yellowstone Props.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427 at *2-3 (S.D.N.Y. May 10, 2016). In light of the facts and circumstances described, the Court finds the proposed settlement sum to be fair and reasonable.

## B. Attorney's Fees

Plaintiff's counsel seeks the Court's approval of $15,000 in attorneys' fees. In an FLSA case, courts must independently assess the reasonableness of plaintiff's attorney's fees, even when the fee is negotiated as part of the settlement. *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *4 (S.D.N.Y. Dec. 15, 2015). When assessing the reasonableness of attorney's fees in FLSA settlements, courts consider (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). The lodestar calculation is used as a cross-check on the reasonableness of the requested percentage. *Goldberger*, 209 F.3d at 50. The Court's analysis is also guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Rosales v. Gerasimos Enters. Inc.*, No. 16-CV-2278 (RA), 2018 WL 286105, at *1 (S.D.N.Y. Jan. 3, 2018) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "It may be that counsel's fee request is entirely commensurate with the amount of time that the lawyers spent on this case. But such determinations require evidence." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 182 (S.D.N.Y. 2015).

The Court finds that the proposed attorney's fees of $15,000 are not reasonable for the 13.65 hours of legal work conducted in this case.[1] (*See* Dkt. 50-3.) Although fees of $15,000 are one-third of the total settlement amount, which is generally viewed as reasonable in this Circuit, counsel's proposed fee request is not commensurate with the nearly fourteen hours the

---

[1] The Court further notes that the hours billed here include travel hours billed at a rate of $350. Dkt. 50-3.

lawyers spent on this case. In this case, the lodestar cross check readily demonstrates why counsel's request of $15,000 would be an oversized award. Plaintiff's counsel asks this Court to approve fees that would result in an effective hourly rate of over $1,000 for every attorney and paralegal who worked on this case. At counsel's stated hourly rates, they would have billed approximately $4,505 in this matter, resulting in a requested multiplier of 3.3. This Court has already declined to approve settlement in relatively uncomplicated FLSA cases with proposed attorney's fees that are more than triple the amount counsel would have been entitled to if they billed their client hourly. *See Ramos Pelico v. PGNV, LLC*, No. 18 CIV. 09761 (PAC), Dkt. 40 at 2 (Sept. 5, 2019); *see also Sushi Yasuda Ltd.*, 58 F. Supp. 3d at 437 (applying the lodestar cross-check and declining to approve proposed attorney's fees in an FLSA case where counsel requested fees that resulted in an effective hourly rate of over $1,000 and resulted in a 2.8 multiplier).

Further, Plaintiff's counsel's billing rates are on the high end of what is typical in FLSA cases and have been reduced by courts in the district. *See, e.g., Rosendo v. Everbrighten Inc.*, No. 13CV7256-JGK-FM, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015) (reducing rates for Mr. Faillace and his associates, and collecting cases doing the same), report and recommendation adopted, No. 13 CV. 7256 JGK, 2015 WL 4557147 (S.D.N.Y. July 28, 2015). As to Isaacson, a junior associate who appears to have performed most of the work, the Court finds the proposed $350 per hour rate is higher than the case law supports. Isaacson is an associate who graduated law school in 2015, had been practicing law for approximately three years, and had been at the firm for two years. Courts in such circumstances have used $250 per hour as the reasonable rate to apply to Isaacson's work. *See, e.g., Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018); *Pastor v. Alice Cleaners, Inc.*, No. 16-CV-7264 (JLC), 2017 WL 5625556, at

*8 (S.D.N.Y. Nov. 21, 2017). The fee of $350 sought for Hershon is also higher than the case law supports. Hershon graduated in 2012, but only joined the firm in April 2018 and appears to have no experience working in wage-and-hour cases. *See* Dkt. 50 at 4 (reciting that Hershon joined the firm in April 2018 after practicing criminal defense at the Bronx County District Attorney's Office). Courts in such circumstances have used $250 per hour as the reasonable rate to apply to Hershon's work. *See Koodo Sushi Corp.*, 328 F. Supp. 3d at 173 (awarding rate of $250 to attorney with minimal wage and hour law experience who recently joined the firm after years of practice at the Kings County District Attorney's Office). Considering and applying a proper rate of $250, granting fees of $15,000 would result in an effective lodestar multiplier of 4.8. The Court declines to approve such an oversized fee.

The fact that counsel here worked on contingency may entitle them to some premium for the risk incurred, but the Court does not find a lodestar multiplier of over 3 (or of 4.8) to be reasonable in straightforward FLSA cases. In particular, where Plaintiff's lawyers have "risked" only fourteen hours of time over the course of a year and less than $1,000 in costs—such an award is excessive. Nor is the resulting settlement of 8.4% of Plaintiff's possible recovery such an extraordinary result justifying a lofty multiplier. *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (noting that the Supreme Court has observed that the "most critical factor" in a district court's determination of what constitutes reasonable attorney's fees is "the degree of success obtained").

In the case at hand, the Court believes an award of 15% of the fund is a reasonable attorney's fee. This amounts to $6,750, which results in a multiplier of 2 from the modified lodestar calculation above and a multiplier of 1.5 from the stated hourly rates. Counsel is entitled to recover the reasonable out-of-pocket expenses of $739.

## C. General Release

The Court must ensure that the defendant is not using "the FLSA claim ... to leverage a release from liability unconnected to the FLSA." *Camacho v. ESS-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2014 WL 6985633. at *4 (S.D.N.Y. Dec. 11. 2014). Courts have rejected releases where the plaintiff would have to "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206.

The proposed settlement in this case requires Plaintiff to release Cleanwear:

> from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the Fair Labor Standards Act, the New York Labor Law and/or federal state or law wage statute, code or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages of compensation...whether known or unknown

(SA ¶ 4). The release clause includes broad language but cabins the release to claims arising out of this action and claims that relate to those asserted in this action arising under federal and state statutes governing wage-and-hour claims. The agreement was negotiated by competent counsel for both sides and the release is the product of arm's length bargaining. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (permitting broader release in the non-collective action context where a former employee has no ongoing relationship with the employer). Accordingly, the release is fair and reasonable.

## D. Non-Disparagement Clauses

Non-disparagement clauses are disfavored in FLSA settlement agreements. "Although not all non-disparagement clauses are *per se* objectionable, if the provision 'would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case.'" *Lazaro-Garcia*, 2015 WL

7

9162701, at *3 (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65). Non-disparagement clauses may be considered fair and reasonable so long as they contain "a carve-out for truthful statements about plaintiffs' experience litigating their case." *Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 U.S. Dist. LEXIS 131829, at *8 (S.D.N.Y. Aug. 6, 2018) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 180). Here, the mutual non-disparagement clause includes an explicit carve-out for truthful statements. The non-disparagement clause in the Agreement provides that "the language of this paragraph shall not prohibit [Plaintiff and Defendants] from making truthful statements about their experiences litigating this case." (SA ¶ 11). Accordingly, the mutual non-disparagement clause is not objectionable.

## CONCLUSION

For the reasons stated, the attorney's fees are objectionable. The request to approve the proposed Agreement is denied without prejudice; will be approved upon the submission and review of modified attorney's fees that are reasonable.

Dated: New York, New York
October , 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

8